**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL,  )  )  Plaintiff,  )  )  v.  )  )  ST. LOUIS SHERIFF'S DEPT., et al.,  )  )  Defendants.  ) | No. 4:20-CV-1639 NCC |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff Joseph Michael Devon Engel's self-represented complaint and motion for leave to commence this civil action without prepaying fees or costs. The complaint and motion are defective because they have not been drafted on Court forms. *See* E.D. Mo. Local Rule 2.06(A). Additionally, a prisoner seeking leave to proceed in forma pauperis is required to submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has not done so.[1] A "certified copy" is one that has been certified by an authorized prison officer that is a true and correct copy.

Because plaintiff is proceeding without counsel, the Court will allow plaintiff the opportunity to file an amended complaint and an amended application to proceed in district court without prepaying fees or costs on Court-provided forms. Plaintiff has twenty-one (21) days

---

[1] Plaintiff asserts in his motion to proceed without prepaying fees or costs that the Court has a copy of his certified inmate account statement from the Missouri Department of Corrections. The Court has reviewed all fourteen cases plaintiff has filed and no *certified* account statement for the six-month period immediately preceding the filing of the complaint has been submitted.

from the date of this Order to file an amended application and an amended complaint in accordance with the specific instructions set forth here.

## Instructions for Filing an Amended Complaint

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint, and so it must include all claims plaintiff wishes to bring.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered.  *Id*.  Plaintiff must submit the amended complaint on a **Court-provided form**, and the amended complaint must comply with the Federal Rules of Civil Procedure.

Plaintiff should type or neatly print his amended complaint on the Court's § 1983 civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").  If the amended complaint is handwritten, the writing must be legible.  **In the "Caption" section of the Court-provided form, plaintiff should clearly name every party he is intending to sue.**  Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  If there is not enough room in the caption, plaintiff may add additional sheets of paper.  However, all the defendants must be clearly listed.  Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim.  Fed. R. Civ. P. 8(a).  Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. Fed. R. Civ. P. 20(a)(2).  Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant.  Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. **In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant.**  If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both.  The failure to sue a defendant in the correct capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him.  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important he establish the responsibility of each separate defendant for harming him.  That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights.  It is not enough for plaintiff to make general allegations against all the defendants as a group.  Rather,

plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail plaintiff a copy of the Court's 'Prisoner Civil Rights Complaint' form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail plaintiff a copy of the Court's 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within **twenty-one (21) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee **or** submit an amended motion to proceed in forma pauperis within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that, if plaintiff chooses to submit an amended application to proceed without prepaying fees or costs and plaintiff maintains a prison account at Eastern Reception Diagnostic and Correctional Center, he shall file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint, within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice. If the case is dismissed for non-compliance with this Order, the dismissal will **not** count as a "strike" under 28 U.S.C. § 1915(g).

Dated this 23rd day of November, 2020.

      /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE