UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:20-CV-1639-NCC |
| ) | |
| ST. LOUIS SHERIFF'S DEPT., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Joseph Michael Devon Engel (registration no. 1069055), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without prepayment of the required filing fee. ECF No. 2. The Court will grant the motion and, for the reasons stated below, will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir.

1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred.   *Id.* at 1950, 1951-52.

## The Complaint

On November 19, 2020, plaintiff filed a handwritten complaint pursuant to 42 U.S.C. § 1983, which was not drafted on a Court form. ECF No. 1. The complaint was one of numerous civil rights complaints plaintiff has recently filed in this Court. On November 23, 2020, plaintiff was directed to file an amended complaint on a Court-provided form as required by E.D. Mo. Local Rule 2.06(A). ECF No. 5. Plaintiff had until December 14, 2020 to comply. To date, plaintiff neither complied with the Court's Order, nor sought additional time to do so. Therefore, this Court will review plaintiff's complaint as originally submitted pursuant to 28 U.S.C. § 1915(e).

Plaintiff, who identifies himself as a sovereign citizen, brings this action pursuant to 42 U.S.C. § 1983. In the Caption section, located on page four of the seven-page handwritten complaint, plaintiff lists the defendants as follows: St. Louis City Sheriff's Department, St. Louis City Under Sheriff, St. Louis City Sheriff, St. Louis City Drug Task, St. Louis City Jail Administrator, St. Louis City Hall, St. Louis City Courts, St. Louis City Mayor, the Attorney General, the Governor of Missouri, and an unnamed Missouri Senator. ECF No. 1 at 4.

Plaintiff's statement of his claims is difficult to decipher and presented in a disjointed, stream of consciousness narration that forms no legal theory and is devoid of factual support. Plaintiff's complaint appears to be separated in three parts. In the first part of the complaint, he asserts he suffers from "stomach and digestive systems problems" and appears to allege his sovereign citizen rights were violated when he was administered "Naproxine" for longer than necessary. ECF No. 1 at 1. Plaintiff does not identify who prescribed him the drug or who administered it to him. In the second part of the complaint, he alleges that an unidentified medication "made [his] eyes really sensitive, and made [his] skin very sensitive, broke out in hives, made [him] very moody" and affected his thyroid. ECF No. 1 at 2. Plaintiff provides no additional facts. In the third part of the complaint, plaintiff appears to bring a claim on behalf of his cousin for the way he was arrested and treated by St. Louis City Police Task Force. He states his cousin was involved in a police chase, fell off of a 25-foot cliff, was not provided medical treatment, and was later pistol whipped. ECF No. 1 at 6.

Throughout the complaint, plaintiff sets forth lengthy and fanciful prayers for damages to compensate him for the aforementioned alleged wrongs. Plaintiff claims entitlement to amounts such as "900 Trillion," "9,000 Trillion," and "1600 Trillion Billion" from the defendants in this action as well as from non-defendant individuals and entities. He also seeks scholarship money and "shares in top U.S. companies," including Pepsi, Dr. Pepper, Mountain Dew, Starbucks,

4

Sprint, Verizon, Apple, X-Box, Wal-Mart, Sears, Ford, Honda, Kia, Toyota, Visa, American Express, and Wells Fargo. Finally, plaintiff describes in detail the manner in which he intends to use the proceeds of this lawsuit, including acquiring and starting numerous businesses, such as his desire to "open Fed-Ex stores, UPS stores, [and] DHL stores" and to "build boot outl[e]t factory," and causes for which he would donate money, such as "100 million to fixing real bad flood areas."

## Discussion

Plaintiff's complaint is legally frivolous because the defendant entities and individuals cannot be sued under § 1983.

First, plaintiff's claims against the state entities, including St. Louis City Courts, the Missouri Attorney General, the Missouri Governor, and a Missouri Senator are barred by the Eleventh Amendment. In the absence of a waiver, the Eleventh Amendment[1] bars a § 1983 suit against a state entity or an individual employed by the state in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998); *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment."). Moreover, section 1983 provides for an action against a "person" for a violation, under color of law, of another's civil rights, but neither a State nor its officials acting in their official capacity are "persons" under § 1983. *See McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 7 (1989).

Second, plaintiff's claims against departments of local government, including the St. Louis Sheriff's Department, St. Louis City Drug Task, St. Louis City Under Sheriff, and St. Louis City Hall, are not suable entities under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d

---

[1]The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend XI.

81, 82 (8th Cir. 1992); (departments or subdivisions of local government are "not juridical entities suable as such"); *De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983); and *Crigler v. City of St. Louis*, 767 F. Supp. 197, 198 (E.D. Mo. 1991) (police department is not a suable entity).

Lastly, as to the individual defendant employees of the local government, including the St. Louis City Sheriff, Mayor, and Jail Administrator, such claims also fail. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). Thus, in this case, plaintiff's suit against individual employees of St. Louis City departments would be a suit against St. Louis City itself.

A local governing body such as St. Louis City can be sued under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Here, plaintiff

has not alleged any facts against St. Louis City sufficient to support the proposition that it has an unconstitutional policy or custom, or that it has been deliberately indifferent in failing to train or supervise its employees. Therefore, to the extent Plaintiff intended to bring this action against individual employees of the defendant departments of local government, those claims must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

It also appears plaintiff's allegations are factually frivolous and subject to dismissal pursuant to *Denton v. Hernandez*. Plaintiff provides no factual support for his claims and it is unclear from the complaint how the named defendants, as listed on the "Caption" section of his handwritten complaint, relate to his allegations. Plaintiff either sets forth irrational allegations (such as an entitlement to certain unidentified rights as a sovereign citizen), or he asserts entitlement to hundreds of "trillions" of dollars to compensate him for side effects from an unnamed medication and the arrest of his cousin. Plaintiff also indicates an intent to seek hundreds of "trillions" of dollars and stocks from entities with no apparent connection to this action, and he sets forth a lengthy series of bizarre instructions either directing the distribution of the money or describing the manner in which he intends to spend it. Considered as a whole, plaintiff's allegations and prayer for relief are "clearly baseless" under the standard articulated in *Denton v. Hernandez,* 504 U.S. at 32-33, and the complaint is subject to dismissal for this reason, as well.

Even if this Court were to interpret plaintiff's allegations related to his medication issues as a deliberate indifference to a serious medical need claim, such a claim would fail. Plaintiff does not specify who prescribed the medication to him, who administered the medication, or when any alleged injuries occurred. Notably, his requests for relief have no relation to any injury caused by medication. Thus, plaintiff's conclusory allegations would not state a claim of deliberate

7

indifference to serious medical needs. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

The Court further notes plaintiff lacks standing to bring the claims related to his cousin's arrest and the injuries his cousin allegedly sustained. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Moreover, a non-attorney, self-represented litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654; *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

Finally, it appears this action is also subject to dismissal because it is malicious. *See Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right). Since filing this action, plaintiff has submitted to this Court an astonishing number of civil complaints seeking to bring civil rights actions against these defendants and others. Plaintiff submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and plaintiff's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *See Spencer*, 656 F. Supp. at 461-63; *see also In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action

is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits). This action is subject to dismissal for this reason, as well.

Plaintiff is cautioned to avoid the practice of repeatedly filing meritless lawsuits. First, a prisoner who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed *in forma pauperis*. Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). *See Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

Dated this 30th day of December, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE